UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **MICHAEL MILES**, | ) |
| Plaintiff, | ) Case No. 1:15-cv-12973 |
| v. | ) |
| **TIMOTEO OF MICHIGAN, LLC.**, a Michigan Limited Liability Company, | ) Honorable Judge Thomas L. Ludington |
| AND | ) |
| **TIMOTEO, INC,** a Michigan corporation, | ) |
| Defendants. | ) |

### COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff, MICHAEL MILES, individually, by and through the undersigned counsel, Owen B. Dunn, Jr. and Matthew B. Bryant, Co-Counsel for Plaintiff, hereby files this Complaint against Defendant TIMOTEO OF MICHIGAN, LLC, a Michigan limited liability company, and Defendant TIMOTEO, Inc, a Michigan corporation for profit, for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

### JURISDICTION AND VENUE

1. This action is brought by the Plaintiff, Michael Miles, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which

governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Eastern District of Michigan as venue lies in the judicial district of the property *situs*. The Defendant's property and operations complained of by Plaintiff are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, MICHAEL MILES ("Plaintiff" or "Mr. Miles"), is Fulton County, Ohio resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. Defendant Timoteo of Michigan, LLC owns real estate which is located at 737 W. Main Street, Gaylord, MI 49735 in Otsego County, wherein the restaurant and bar known commonly as La Senorita operates. Plaintiff has patronized this business and its facilities previously as a place of public accommodation and experienced the barriers to access complained of herein.

6. Defendant TIMOTEO, Inc. operates and owns the restaurant and bar commonly known as La Senorita in Gaylord, Michigan, which is located at 737 W Main Street, Gaylord, MI 49735 in Otsego County. Plaintiff has patronized Defendant's business and its facilities

previously as a place of public accommodation and experienced the barriers to access complained of herein.

7. Upon information and belief, the facility owned and operated by Defendants is non-compliant with the remedial provisions of the ADA. As Defendants own, lease, lease to, or operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendants are responsible for complying with the obligations of the ADA. Defendants' facility as a restaurant and bar constitutes a place of public accommodation, which fails to comply with the ADA and its regulations, as also described further herein.

8. Mr. Miles is paraplegic and uses a wheelchair for mobility. As such, he is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto.

9. Mr. Miles has visited the property that forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property. Plaintiff frequently visits Gaylord and the surrounding area, including Ostego County, Michigan, for golf trips, family vacations several times annually. As such, Plaintiff has visited and been a customer at the property which forms the basis of this lawsuit no fewer than four times in the last two years and plans to return to the property to avail himself of the goods and services offered to the public at the property. Plaintiff has personally experienced the barriers to access complained of herein and been endangered by Defendants' failure to comply with the ADA and its regulations.

10. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property as described but

not necessarily limited to the allegations contained in this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendants. Plaintiff desires to visit the Defendants' place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the hotel and its amenities without fear of discrimination.

11. The Defendants have discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq*.

12. The Defendants have discriminated, and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less).

13. A preliminary inspection of the facility owned by Defendants has shown that many violations of the ADA exist. These violations include, but are not limited to:

Parking and Accessible Routes:

    A.    The designated accessible parking spaces lack or have insufficient adjacent access aisles, in violation of the ADA whose remedy is readily achievable.

    B.    Defendants' facilities fail to provide sufficient or any designated van accessible parking spaces with required access aisles for disabled persons, in violation of the ADA whose remedy is readily achievable.

    C.    Parking spaces and access aisles (if any) are located on ground with excessive slopes and cross slopes, in violation of the ADA whose remedy is readily achievable.

    D.    Defendants' parking lot fails to properly identify with signage the designated

        accessible parking spaces, in violation of the ADA whose remedy is readily achievable.

E.      The curb ramp to Defendants' facility is obstructed by parking spaces and parked vehicles, in violation of the ADA whose remedy is readily achievable.

Public Restroom Access:

F.      Defendants' public restrooms fail to provide sufficient knee clearance at the lavatory for use by Defendants' disabled patrons, in violation of the ADA whose remedy is readily achievable.

G.      Defendants' public restrooms have exposed pipes at the lavatory that are not insulated to protect for contact or scalding, in violation of the ADA, whose remedy is readily achievable.

H.      Defendants' public men's restroom fails to provide an accessible, lowered urinal, in violation of the ADA, whose remedy is readily achievable.

I.      Defendants' public restrooms fails to provide any rear or side grab-bars in the accessible toilet compartment, in violation of the ADA whose remedy is readily achievable.

J.      Defendants' public restrooms water closets in accessible toilet compartments are not sufficient height above the finished floor, in violation of the ADA whose remedy is readily achievable.

K.      The restroom stalls contains coat hooks that are mounted in excess of allowable reach range in violation of the ADA, whose remedy is readily achievable.

L.      The Defendants' public restrooms contain mirrors that are mounted in excess of allowable range in violation of the ADA, whose remedy is readily achievable.

M.      The lavatory's faucet controls require tight clasping or twisting, in violation of the ADA whose remedy is readily achievable.

N.      The flush control of the water closets located in the accessible toilet compartments are not located on the open side of unit, in violation of the ADA whose remedy is readily achievable.

Policies and Procedures

O.      The operator lacks or has inadequate defined policies and procedures for the assistance of disabled patrons.

14. The discriminatory violations described in Paragraph 13 by Defendants' place of public accommodation are not an exclusive list of the Defendants' ADA violations. Plaintiff requires further inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff, has been denied access to Defendants' accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendants, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

15. Plaintiff restates the allegations of ¶¶1-14 as if fully rewritten here.

16. The facility at issue, as owned or operated by the Defendants, is a public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

17. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendants' failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendants will continue to discriminate against Plaintiff and others with disabilities unless and until

      Defendants are compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

18. The Plaintiff, and others similarly-situated, are presently without adequate remedy at law and is damaged by irreparable harm. Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Facility, including those set forth herein.

19. Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendants to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

### COUNT II
### VIOLATION OF MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT
### M.C.L. § 37.1301 *et seq*.

20. Plaintiff restates the allegations of ¶¶1-19 as if fully rewritten here.

21. LA SENORITA is a "place[s] of public accommodation" pursuant to M.C.L §37.1301(a).

22. Defendants committed an unlawful act pursuant to M.C.L §37.1302(a) by denying Plaintiff the full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges.

23. Pursuant to M.C.L §37.1606, Plaintiff is entitled to compensatory and punitive damages, and attorneys fees and costs, in an amount to be determined at trial, but in any event not

less than $25,000.00, as well as issuance of an injunction requiring Defendants to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendants to make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and exemplary damages, attorneys fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendants to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (P66315)
Law Office of Owen B. Dunn, Jr.
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 241-9661 – Phone
(419) 241-9737 - Facsimile
dunnlawoffice@sbcglobal.net


/s/ Matthew B. Bryant
Matthew B. Bryant (Ohio Bar Number 0085991*)
BRYANT LEGAL, LLC

6600 W. Sylvania Ave., Suite 260
Sylvania, OH 43560
Phone: (419) 340-3883
Email: mbryant@bryantlegalllc.com

*Admitted to practice in the Eastern District of Michigan