UNITED STATES DISTRICT COURT
IN THE NORTHERN DIVISION FOR THE EASTERN DISTRICT

MICHAEL MILES,                              Case No. 1:15-cv-14206

    Plaintiff;                              **Hon. Thomas L. Ludington**

v

TIMOTEO OF MICHIGAN LLC
*and* TIMOTEO INC,

    Defendants.

_____ /

# CONSENT JUDGMENT

On December 2nd 2015 plaintiff Michael Miles filed a complaint against the defendants through which he alleges violations and (or) non-compliance with provisions of the *Americans With Disabilities Act,* 42 USC §12181 *et seq* ("ADA") and Michigan's *Persons with Disabilities Civil Rights Act,* MCL §37.1301 *et seq* ("PDCRA") at the defendants' restaurant in Gaylord MI. Plaintiff seeks remedial relief, costs, attorney fees, and damages.

Notwithstanding plaintiff's assertions, the defendants deny violations and (or) non-compliance of or with any of the provisions of the ADA or PDCRA with respect to the restaurant and appurtenant premises. Nothing in this *Consent Judgment* shall constitute any admission of liability by the defendants. The defendants have agreed to entry of this *Consent Judgment* without admitting the allegations of the complaint or any issue of fact or law in order to avoid the time, expense, and disruption of litigation. The defendants and the plaintiff agree that the entry of this *Consent Judgment,* without further litigation, is in the public interest.

**IT IS HEREBY ORDERED AND ADJUDGED** as follows:

A. **Jurisdiction and Venue**.

1. The Court has jurisdiction of this matter pursuant to 28 USC §§1331 and 42 USC §12188.

2. Venue is appropriate in this District pursuant to 28 USC §1391.

B. **Relief by Consent**.

1. Defendants shall pay to plaintiff the sum of FIVE HUNDRED and NO/100 ($500.00) USD for any and all claims for any manner of damages asserted by plaintiff in relation to the allegations asserted or assertable via his complaint.

2. Defendants shall pay to plaintiff the sum of FOUR THOUSAND and NO/100 ($4,000.00) USD for all claims for interest, attorneys' fees, costs, and litigation expenses asserted and (or) incurred by plaintiff in relation to this case and the allegations asserted or assertable via his complaint.

3. Within eighteen (18) months of the date of the court's entry of this *Consent Judgment* and contingent upon obtaining necessary financing, permits, and governmental authorization:

   a. The defendants shall install signage designating accessible parking space with spaces for van-accessible use specifically denoted.

   b. The defendants shall restripe parking spaces so as to trade the northwest space with the space to the immediate south and install a curb cut; or, alternatively, shall eliminate accessible parking at the northwest corner area and move all compliance accessible parking to the southwest corner.  Under either scenario, parking spaces

shall be provided in accordance with Table 208.2, 36 CFR Chapter XI, except as required by 208.2.1, 208.2.2, and 208.2.3.

c. The defendants shall achieve a flatter surface adjacent any accessible parking located at the southwest corner by grinding and (or) applying topping asphalt.

d. The defendants shall stripe the accessible aisle to discourage parking thereupon.

e. The defendants shall repair or remove and replace existing concrete sidewalk along the restaurant's west side to provide minimum 36" wide route and will install bollards to prevent vehicle overhang across the accessible route.

f. The defendants shall reconfigure the exterior walk to the restaurant's entrance to raise that surface so that it meets the first entry door threshold.

g. The defendants shall raise the location of the restaurant's door pulls to an ADA compliant height.

h. The defendants shall secure the restaurant's floor mat perimeter edges or utilize alternative floor mats.

i. The defendants shall remove the "S booth" seat at the rear exit of the restaurant.

4. Within six (6) months of the date of the court's entry of this *Consent Judgment* and contingent upon obtaining necessary permits and governmental authorization:

   a. The defendants shall reconfigure coat hooks and decorative corner treatments along the restaurant's accessible route so as to eliminate any ADA non-compliant protrusions.

   b. The defendants shall relocate or remove the restaurant's bench located north of the hostess/host counter in order to provide a minimum 32" clearance.

5. Within six (6) months of the date of the court's entry of this *Consent Judgment* and contingent upon obtaining necessary permits and governmental authorization:

   a. The defendants shall insulate the restaurant's men's and women's bathrooms' plumbing pipes.

   b. The defendants shall relocate the restaurant's men's and women's bathrooms' waste baskets or replace them with a different size receptacle.

   c. The defendants shall install ADA compliant signs outside the restaurant's men's and women's bathrooms.

   d. The defendants shall install ADA compliant toilet compartment pull handles in the restaurant's men's and women's bathrooms.

   e. The defendants shall remount the restaurant's men's and women's bathrooms' soap dispensers, paper towel dispensers, and coat hooks to an ADA compliant height and (or) location.

6. Within eighteen (18) months of the date of the court's entry of this *Consent Judgment* and contingent upon obtaining necessary financing, permits, and governmental authorization:

   a. The defendants shall widen the access doors into the water closet space in the restaurant's men's and women's bathrooms.

   b. The defendants shall reconfigure the layout of the water closet space in the restaurant's men's and women's bathrooms to accommodate ADA spatial requirements.

   c. The defendants shall install rear and side toilet space grab bars in the restaurant's men's and women's bathrooms' water closet space at the time that the layout of same is reconfigured.

    d. The defendants shall reduce the mirrors' heights in the restaurant's men's and women's bathrooms to accommodate ADA requirements.

    e. The defendants shall install automatic flush toilets in the restaurant's men's and women's bathrooms.

    f. The defendants shall raise toilets' seat heights in the restaurant's men's and women's bathrooms to accommodate ADA requirements or alternatively shall install thicker seats.

    g. The defendants shall install an ADA compliant urinal in the restaurant's men's bathroom.

    h. The defendants shall cut the front of the restaurant's men's and women's bathrooms' lavatories upward to provide ADA compliant knee clearance.

7. Within six (6) months of the date of the court's entry of this *Consent Judgment* the defendants will create and adopt reasonable policies and procedures to maintain accessible features and will modify policies as necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities; and will have, in place, compliant policies and procedures.

8. Within four (4) months of the date of the court's entry of this *Consent Judgment* the defendants shall formally implement take-out service to the parking area and will advise and alert staff related to policies, practices, and procedures related to ADA requirements.

C. **Miscellaneous**.

1. Any actions taken or modifications made pursuant to this *Consent Judgment* shall not operate to create additional obligations or liability for the defendants insofar as those actions and modifications are consistent with the ADA.

2. The defendants agree to be reasonably diligent in pursuing financing options and will do so in good faith. Defendants agree to permit reasonable verification of the extent of their efforts to obtain financing in the event that inability to obtain financing is cited as the reason for failure to effectuate any particular act consented to herein.

3. Wherever in this *Consent Judgment* there is a requirement that the defendants perform but are unable to do so for any reason, the defendants will notify the plaintiff and the parties will attempt to resolve the concern(s) in good faith. In the event that plaintiff should believe or assert that the defendants have failed to perform any act required herein, the plaintiff will give written notice (including reasonable particulars) of the concern(s) and the defendants shall then respond to such notice within 30 calendar days of receipt of the written notice. The parties shall negotiate in good faith in an attempt to resolve any dispute relating thereto before seeking relief through the court.

4. If any dispute under this *Consent Judgment* is not resolved pursuant to paragraph (C)(3) hereof, then any aggrieved party may petition the court for relief pursuant to this agreement.

5. This *Consent Judgment* constitutes the entire agreement by the plaintiff and defendants and no other statement, promise, or agreement, either written or oral, made by any party or agents of any party that is not contained in this written *Consent Judgment* shall be enforceable regarding the matters raised herein.

6. This *Consent Judgment* is final and has binding effect on the parties, including all principals, agents, executors, administrators, representatives, employees, successors in interest, beneficiaries, assigns, and legal representatives thereof.

7. The undersigned representatives of the parties certify that they are authorized to enter into and consent to the terms and conditions of the *Consent Judgment* and to execute and legally bind the parties to it.

8. If any provision of this *Consent Judgment* is determined by any court to be unenforceable, the other terms of same shall nonetheless remain in full force and effect provided however that if the severance of any such provision materially alters the rights or obligations of the parties, the plaintiff and defendants shall engage in good faith negotiations in order to adopt such mutually agreeable amendments to this *Consent Judgment* as may be necessary to restore the parties as closely as possible to the initially agreed-upon relative rights and obligations.

D. **Consideration**.

1. In consideration of and consistent with all the terms of this *Consent Judgment*, the plaintiff agrees to refrain from undertaking further investigation into or pursuing further legal proceedings regarding all matters asserted, assertable, and (or) contained within this *Consent Judgment* except as provided in paragraphs (C)(3) and (C)(4) above.

2. In consideration of all claims asserted or assertable for damages, costs, fees, and all other non-injunctive relief of a remedial nature the plaintiff agrees to accept the consideration set forth in paragraphs (B)(1) and (B)(2) above in exchange for the full dismissal with prejudice thereof.

E. **Disposition**.

1. The subject action and all claims asserted or assertable herein against the defendants named above are **DISMISSED with prejudice**.

2. Except to the extent referred to specifically herein, the subject action is **DISMISSED without the award of costs to any party**.

3. This *Consent Judgment* constitutes a final order and closes the case.

**IT IS SO ORDERED**:

         s/Thomas L. Ludington
         THOMAS L. LUDINGTON
         United States District Judge

Dated: June 2, 2016

**AGREED AND APPROVED FOR ENTRY**:

For plaintiff MICHAEL MILES:

dated: **6/1/2016**
    s/OWEN B. DUNN JR.
    **OWEN B. DUNN JR.** (P66315)
    LAW OFFICE OF OWEN B. DUNN JR.
    4334 W Central Ave, Ste 222
    Toledo OH 43615
    (419) 241-9661
    dunnlawoffice@sbcglobal.net

**AGREED AND APPROVED FOR ENTRY**:

For plaintiff MICHAEL MILES:

dated: **6/1/2016**
    s/MATTHEW B. BRYANT
    **MATTHEW B. BRYANT**
    BRYANT LEGAL LLC
    6600 W Sylvania Ave, Ste 260
    Sylvania OH 43560
    (419) 340-3883
    mbryant@bryantlegalllc.com

For defendant TIMOTEO OF MICHIGAN LLC
For defendant TIMOTEO INC

dated: **6/1/2016**
        s/JOHN M. FREEL
        **JOHN M. FREEL** (P46217)
        FREEL PROFESSIONAL CORP
        540 W Lake St, Ste 2
        Tawas City MI 48763
        (989) 362-3444
        john@freelpc.com

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 2, 2016.

        s/Michael A. Sian
        MICHAEL A. SIAN, Case Manager